IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

|  |  |  |
|---|---|---|
| JOHNNY L. JOHNSON, | * | |
| and | * | |
|  | * | CASE NO.: GJH-22-0730 |
| EDITH E. JOHNSON, | * | |
| Plaintiffs, | * | |
| v. | * | |
| TAYLOR, BEAN & WHITAKER MORTGAGE CORP., *et al.*, | * | |
|  | * | |
| Defendants. | * | |

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

## MEMORANDUM OPINION

Plaintiffs Johnny L. Johnson and Edith E. Johnson, bring this *pro se* civil action against Defendants Taylor, Bean & Whitaker Mortgage Corp. ("Taylor Bean"); DLJ Mortgage Capital, Inc.; Credit Suisse First Boston Mortgage Securities Corporation; US Bank, NA, as Trustee for CSMC Mortgage-Backed Pass-Through Certificates Series 2007-6; Wells Fargo Bank, NA; the Mortgage Electronic Registration Systems, Inc. (MERS); and unspecified John Does 1 through 100 (collectively, "the Defendants"), seeking to bar Defendants from foreclosing on their property. *See* ECF No. 3 ¶ 12.

Pending before the Court is a Motion to Dismiss submitted by five of the Defendants. ECF No. 8. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2021). For the following reasons, Defendants' Motion is granted, and the Complaint will be dismissed in its entirety.

1

**BACKGROUND**[1]

In 2007, Plaintiffs took out a loan for $472,500.00 from Taylor Bean to purchase property at 13301 Kelly Maria Court in Bowie, Maryland ("the Property"), and executed a Deed of Trust ("the Deed") to secure repayment of the loan.[2] ECF No. 3 ¶¶ 27–31, 41. In May 2017, MERS, as nominee for Taylor Bean, assigned the Deed to US Bank. *Id.* ¶¶ 36–38.

As Defendants provide, the Plaintiffs are also parties to a foreclosure action on the Property in the Circuit Court for Prince George's County, Maryland. On May 8, 2018, substitute trustees appointed under the Deed initiated foreclosure.[3] *See* ECF No. 8-1 at 3–4.[4] The Property was then sold to a third-party purchaser in February 2022, and, on April 14, 2022, the Circuit Court ratified the sale. ECF No. 11-1 at 3.[5]

On February 9, 2022, Plaintiffs filed a Complaint in Prince George's County Circuit Court, which Defendants subsequently removed to this Court. ECF No. 1 at 1. Although the

---

[1] Unless stated otherwise, all facts are taken from Plaintiff's Complaint or documents attached to and relied upon in the Complaint and are accepted as true. *See E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011).

[2] Plaintiffs' Complaint draws extensively on mortgage loan documents that they reference throughout the pleading. Plaintiffs appear to have attached a partial copy of the documents they reference, but many of the pages are illegible. *See* ECF No. 3. Defendants have attached complete copies of the relevant documents to their Motion to Dismiss. *See* ECF No. 8-3; ECF No. 8-4; ECF No. 8-5. A court may "consider a document submitted by the movant that was not attached to or expressly incorporated in a complaint, so long as the document was integral to the complaint and there is no dispute about the document's authenticity." *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 166 (4th Cir. 2016). "To be 'integral,' a document must be one 'that by its very existence, and not the mere information it contains, gives rise to the legal rights asserted.'" *Brennan v. Deluxe Corp.*, 361 F. Supp. 3d 494, 502 (D. Md. 2019) (quoting *Chesapeake Bay Found., Inc. v. Severstal Sparrows Point, LLC*, 794 F. Supp. 2d 602, 611 (D. Md. 2011)). Thus, here, the Court will draw on Defendants' copy of the relevant mortgage documents as necessary.

[3] The Court will take judicial notice of the foreclosure proceedings as submitted by Defendants. "When considering a Rule 12(b)(6) motion based on res judicata, the courts may 'take judicial notice of facts from a prior judicial proceeding' when the assertion of preclusion as a defense 'raises no disputed issue of fact.'" *Mitchell v. U.S. Bank Nat'l Ass'n as Tr. for Mastr Asset Backed Sec. Tr. 2005-FRE1*, No. CV TDC-19-2225, 2020 WL 3050739, at *4 (D. Md. June 8, 2020) (quoting *Andrews v. Daw*, 201 F.3d 521, 524 n.1 (4th Cir. 2000)).

[4] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.

[5] The state court case is *BSPLLC vs. Johnson*, Case No. CAEF18-14619.

Complaint is not a model of clarity, it appears to allege that Defendants were unauthorized to foreclose on the Property due to problems with the securitization of the loan, the validity of the assignment by MERS, and related issues. *See* ECF No. 3. To that end, Plaintiffs bring six Counts against Defendants: lack of standing/wrongful foreclosure, breach of contract, quiet title, and slander of title, along with requests for a temporary restraining order and injunctive relief, and declaratory relief. *Id.* On April 1, 2022, five of the Defendants filed a Motion to Dismiss.[6] ECF No. 8. Plaintiffs did not respond to the Motion. On May 18, 2022, the same five Defendants filed a Supplemental Memorandum, explaining that the state court had since ratified the foreclosure sale of the Property. *See* ECF No. 11.

I.   **STANDARD OF REVIEW**

To survive a Rule 12(b)(6) motion, a complaint must contain "sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The complaint must still include a "'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 555 n.3. A "mere recital of elements of a cause of action, supported only by conclusory statements, is not sufficient to survive a motion made pursuant to Rule 12(b)(6)." *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012).

"A plaintiff filing *pro se* is held to a less stringent standard than is a lawyer, and the Court must construe *pro se* claims liberally." *Parker v. Am. Brokers Conduit*, 179 F. Supp. 3d

---

[6] Taylor Bean has not made an appearance in this case.

509, 515 (D. Md. 2016) (citation and internal marks omitted). "However, even a *pro se* complaint must meet a minimum threshold of plausibility." *Id.* (citation omitted).

## II.     DISCUSSION

Defendants argue in a Supplemental Memorandum that Plaintiffs' claims are barred by res judicata, because the Prince George's County Circuit Court has now issued an order ratifying a foreclosure sale of the Property to a third-party purchaser. *See* ECF No. 11 at 2–5; ECF No. 11-1 at 3. When litigants assert in federal court that a state court judgment is preclusive, the federal court must give the state court judgment "the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984). Under Maryland law, res judicata provides grounds for dismissal if a defendant establishes: "(1) that the parties in the present litigation are the same or in privity with the parties to the earlier dispute; (2) that the claim presented in the current action is identical to the one determined in the prior adjudication; and, (3) that there has been a final judgment on the merits." *Anne Arundel County Bd. of Educ. v. Norville*, 390 Md. 93, 107 (2005). The purpose of res judicata, otherwise known as claim preclusion, is to "avoid[ ] the expense and vexation attending multiple lawsuits, conserve[ ] judicial resources, and foster[ ] reliance on judicial action by minimizing the possibilities of inconsistent decisions." *Murray Int'l Freight Corp. v. Graham,* 315 Md. 543, 547 (Md.1989) (citation and internal quotation marks omitted).

### A.  Parties Same or In Privity

The Court first looks to whether the parties in the state court action are the same or in privity to the parties here. "Privity in the res judicata sense generally involves a person so identified in interest with another that he represents the same legal right." *FWB Bank v. Richman*,

4

354 Md. 472, 498 (1999) (citation omitted). In the mortgage context, "when a substitute trustee prosecutes a state court foreclosure action on behalf of a mortgage servicer, which in turn serviced the underlying mortgage on behalf of the lender, the servicer, lender and substitute trustee share the same right to foreclose on the subject mortgage, such that the privity component of claim preclusion is satisfied." *Proctor v. Wells Fargo Bank, N.A.*, 289 F. Supp. 3d 676, 683 (D. Md. 2018) (internal marks omitted) (quoting *Jones v. HSBC Bank USA, N.A.*, 444 Fed. Appx. 640, 644 (4th Cir. 2011)); *see also Jones v. Ward*, No. GJH-20-3225, 2021 WL 2861518, at *5 (D. Md. July 8, 2021), *aff'd*, No. 21-1851, 2021 WL 5412237 (4th Cir. Nov. 19, 2021).

Here, the state court action involved Plaintiffs and the substitute trustee to the mortgage, Brock & Scott PLLC. ECF No. 11-1 at 1. Plaintiffs bring the action in this Court against the lenders, mortgagees, and servicers involved, or previously involved, with the mortgage loan. ECF No. 3. Thus, the parties are in privity with those in the state action.

While five Defendants have asserted the affirmative defense of res judicata, ECF No. 11, Taylor Bean has not made an appearance in this case, nor filed a motion to dismiss. However, the Court finds that it is in privity with the other Defendants for the purposes of res judicata. *See Attkisson v. Rosenstein*, No. CV RDB-20-0068, 2021 WL 978821, at *8 (D. Md. Mar. 16, 2021) (dismissing plaintiff's claims sua sponte against defendants that did not file a motion to dismiss because another defendant's motion raised "a defect" that "applie[d] equally" to all of plaintiff's claims).

Accordingly, the party requirements are met as to all named Defendants.[7]

---

[7] The Court also finds that Plaintiff's claims against John Does 1 through 100 are deficient. First, Plaintiffs assert that "each fictitiously named Defendant is in some manner liable to Plaintiffs, or claims some right, title, or interest in the Property." ECF No. 3 ¶ 9. To that extent, the John Does are similarly in privity with the named Defendants. Second, "federal courts have generally frowned upon 'John Doe' defendants." *Johnson v. Maryland Dep't of Transportation*, No. CV ELH-18-1059, 2018 WL 6111779, at *9 (D. Md. Nov. 21, 2018). A district court may dismiss an action, without prejudice, "if it does not appear that the true identity of an unnamed party can be discovered through discovery or through intervention by the court." *Schiff v. Kennedy*, 691 F.2d 196, 197 (4th Cir.

### B. Same Claims

Next, the Court considers whether the claims in this action are identical to those resolved in the state court judgment. Under Maryland law, "[c]laims are part of the same cause of action when they arise from the same transaction or series of transactions." *Capel v. Countrywide Home Loans, Inc.*, No. CIV. WDQ-09-2374, 2010 WL 457534, at *4 (D. Md. Feb. 3, 2010) (citation omitted). Res judicata includes claims actually asserted and litigated, plus those claims that could have been asserted in the original suit. *See FWB Bank*, 354 Md. at 493. "To determine whether claims arise from the same transaction, courts consider whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage." *Capel*, 2010 WL 457534, at *4 (citation and internal quotation marks omitted). With regards to a foreclosure action, claims that concern "the same loan transaction and the parties' rights under the Deed of Trust" are "transactionally related" to the foreclosure, because they "could have been raised in the foreclosure action." *Id.*; *see also Lee v. Meyers*, No. ELH-21-1589, 2022 WL 252960, at *13 (D. Md. Jan. 27, 2022) (collecting cases).

Here, the state court judgment involved foreclosure of the Property, whereas Plaintiffs' claims in the matter before this Court involve the validity of the mortgage documents and the right of Defendants to foreclose on Plaintiffs. Thus, the issues are identical for the purposes of res judicata.

### C. Final Judgment on the Merits

---

1982). District courts have also dismissed claims where, as here, the plaintiff "does not raise specific allegations against the John Doe defendants." *Pair v. Alexander*, No. CV GLR-16-1492, 2018 WL 1583472, at *6 n.2 (D. Md. Apr. 2, 2018).

Finally, the Court looks to whether the state court decision constituted a final judgment on the merits. In foreclosure cases, courts have held that the "ratification of sale constitutes a final judgment for preclusion purposes." *Proctor*, 289 F. Supp. 3d at 684; *see also McGhee v. JP Morgan Chase Bank, N.A.*, No. DKC-12-3072, 2013 WL 4495797, at *6 (D. Md. Aug. 20, 2013) (holding that the "important ruling in foreclosure cases is the circuit court's ratification of the foreclosure sale," which is considered "a final judgment on the merits").

Here, the foreclosure sale of the Property was ratified by the Prince George's County Circuit Court on April 14, 2022. ECF No. 11-1 at 3. Therefore, the state court decision is a final judgment on the merits, and Plaintiffs are barred by res judicata on all claims as to all named Defendants.[8]

## III. CONCLUSION

For the foregoing reasons, Defendants' Motion is granted, and the case will be dismissed in its entirety. A separate Order follows.

Date: <u>December 15 , 2022</u>                    ___/s/_____
                                                  GEORGE J. HAZEL
                                                  United States District Judge

---

[8] Because res judicata bars all claims as to all named Defendants, and the claims against John Does 1 through 100 are otherwise dismissed, *see supra* note 7, the Court need not address the applicability of Defendants' other defenses, including this Court's lack of jurisdiction under the Rooker-Feldman doctrine. *See* ECF No. 11 at 5.